27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Lou A. GRIFFIN, Defendant/Appellant.
 No. 92-2582.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided May 26, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lou A. Griffin was convicted by a jury of violating federal narcotics and firearms laws. Pursuant to Federal Rule of Criminal Procedure 33, Griffin filed a motion for a new trial eighteen months later based on newly discovered evidence alleging (1) that the government failed to disclose the "contingent fee arrangement" it made with the two informants who testified against him, (2) that the government withheld three tapes of Griffin's conversations with the informants which would have proved that the government had "pre-targeted" him, and (3) that the tapes of his telephone conversations with government informants which were admitted into evidence should have been suppressed because they were illegally taped without his consent.[1] The district court denied the motion, and Griffin appeals. We conclude that the district court did not abuse its discretion in denying the motion because Griffin failed to show that he first learned of this evidence after trial or that he could not have discovered the evidence sooner despite the exercise of due diligence. See United States v. DePriest, 6 F.3d 1201, 1215-17 (7th Cir.1993); see also United States v. Castillo, 965 F.2d 238, 242 (7th Cir.), cert. denied, 113 S.Ct. 212 (1992).
 
 
 2
 At trial, the informants were extensively cross-examined regarding their agreements with the government, including reimbursements, monetary payments and sentence reductions. Griffin did not allege that the informants lied on the stand and have now recanted, nor did he explain what information concerning the government's arrangement with the informants was unavailable to him until after the trial.
 
 
 3
 With respect to Griffin's allegation of the government's withholding of "three crucial tapes," the record indicates that prior to trial counsel requested the government to produce all tape recordings containing statements made by Girffin. See Brady v. Maryland, 373 U.S. 83 (1963); Fed.R.Crim.P. 16. Griffin never explained how or when he first became aware of the allegedly withheld tapes. In fact, Griffin does not assert nor does the record indicate that he first learned of the tape's existence after the trial. Moreover, even if the government did withhold the tapes from Griffin, Griffin did not show that he exercised due diligence in trying to discover whether such tapes existed, especially given that Griffin was a party to the allegedly taped conversations.
 
 
 4
 Finally, Griffin's contention that he did not learn of the alleged illegality of the government's tape recording until after the trial is at best a belated motion to suppress. Because several tapes of Griffin's conversations were used as evidence against Griffin at trial, Griffin knew of the existence of those tapes and could have challenged their legality and admission into evidence. Thus, Griffin's contention now does not constitute "newly discovered evidence."
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Griffin also asserts in his appellate brief that tapes of his conversations were not properly authenticated at trial. Because this argument is raised for the first time on appeal, it is waived. United States v. Lopez, 6 F.3d 1281, 1287 (7th Cir.1993)